**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

RICHARD N. SAYLES,                    )
                                      )
Plaintiff,                            )
                                      )
     vs.                              )    CAUSE NO. 3:11-CV-427
                                      )
INDIANA DEPARTMENT                    )
OF CORRECTIONS, *et al.,*             )
                                      )
Defendants.                           )

## OPINION AND ORDER

This matter is before the court *sua sponte* pursuant to 28 U.S.C. Section 1915A. For the reasons set forth below, the Court **GRANTS** the Plaintiff leave to proceed against Defendant Debra Daugherty in her individual capacity for damages on the claim that she confiscated and destroyed his legal mail, and **DISMISSES**, pursuant to Section 1915A, all other claims and Defendants.

BACKGROUND

Richard Sayles is a state prisoner confined at the Westville Correctional Facility ("WCF"). Sayles's amended complaint asserts that in December 2009, he received incoming legal "mail containing copies of his critical supporting evidence for his pro-se cases #209cv231 RLY-WGH and #09-4107. He alleges that Defendant Daugherty, the WCF mail room supervisor, withheld this mail from him and that the mail was eventually destroyed.

<u>DISCUSSION</u>

Pursuant to 28 U.S.C. § 1915A(a), district courts must review the merits of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

The pleading standards in the context of a motion to dismiss for failure to state a claim are that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). A court should assume the veracity of a complaint's allegations, and then determine whether they plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

In the context of *pro se* litigation, the Supreme Court stated that "[s]pecific facts are not necessary" to meet the requirements

of Rule 8(a). The Court further noted that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).

The Plaintiff brings this case pursuant to 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. To state a valid cause of action under § 1983, a plaintiff must allege violation of rights secured by the Constitution or laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988).

<u>Withholding and Destruction of Legal Mail</u>

In his amended complaint (DE 14), the Plaintiff asserts that "[i]ntentionally withholding court documents violates state + Federal statutes and Sayles' 'due process' rights" [DE 14 at 3]. In his supplement to his amended complaint [DE 17], Sayles asserts that "[d]estroying court evidence constitutes obstruction of justice. IC 35-44-3-4. Conspiring to injure violates 18 USCS 241-242"[DE 17 at 1].

The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution

or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979). Sayles's allegations that the Defendants' actions violated provisions of Indiana law state no claim upon which relief can be granted in a § 1983 case.

The federal statutes Sayles cites in his supplement, 18 U.S.C. §§ 241 and 242, are sections of the United States criminal code. The United States may bring criminal charges based on these statutes, but they do not create a private right of action. *Risley v. Hawk,* 918 F.Supp. 18, 21 (D.D.C. 1996), affirmed 108 F.3d 1369 (D.C. Cir. 1997), rehearing denied (Federal criminal statutes, including § 241, do not create a private cause of action on which a prisoner could premise claims against prison officials).

The Plaintiff also alleges that withholding what he describes as "legal mail" from him and eventually destroying it violated the Fourteenth Amendment's due process clause. The fundamental right of access to the courts precludes prison officials from destroying legal materials to impede inmates' efforts "to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement," *Lewis v. Casey*, 518 U.S. 343, 355 (1996), though to prevail on such a claim, the inmate must eventually establish that he suffered actual injury. *Id.* at 351.

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be

proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Giving Sayles the benefit of the inferences to which he is entitled at the pleadings stage, the Court cannot say that he can prove no set of facts consistent with his claim that Defendant Daugherty confiscated and destroyed legal mail addressed to him, injuring his litigation efforts.

Claims Against the Indiana Department of Correction

Sayles' amended complaint lists the Indiana Department of Correction ("IDOC") as a Defendant. The Constitution's Eleventh Amendment provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment bars "a suit by a citizen against the citizens own State in Federal Court." *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995). The Eleventh Amendment's jurisdictional bar extends to state agencies, such as the Indiana Department of Correction, as well as to the State itself. *Kashani v. Purdue University*, 813 F.2d. 843 (7th Cir. 1987). A State may elect to waive its Eleventh Amendment immunity, but Indiana hasn't done so. *Meadows v. State of Indiana*, 854 F.2d 1068, 1069 (7th Cir. 1988). Accordingly, the Court will dismiss the IDOC from this action.

Claim Against Superintendent Levenhagen

Sayles' amended complaint lists WCF Superintendent Levenhagen as a Defendant. Sayles alleges that on "12/31/09 the Superintendent of (WCF) receives Sayles' complaint regarding the confiscation of his legal mail, but fails to intervene" [DE 14 at 3].

Section 1983 creates a cause of action for damages based on personal liability; a plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains. *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). A person who was not personally involved in the alleged wrongdoing cannot be held liable for damages under § 1983. A plaintiff must allege facts showing the defendant's participation or direct responsibility for the conditions of which he complains, *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). The doctrine of *respondeat superior*, under which a supervisor may be held liable for an employee's actions, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993).

Sayles does not allege that Supt. Levenhagen was personally involved in withholding or destroying his mail. He only alleges that the Superintendent became aware of the problem as a result of

a grievance Sayles filed. But even if Supt. Levenhagen was aware of Sayles's grievance and did not intervene, that does not make him liable for damages under § 1983. "Only persons who cause or participate in the [Constitutional] violations are responsible" for those violations, failure to investigate or ruling against a prisoner's grievance "does not cause or contribute to the violation." *George v. Smith*, 507 F.3d. 605, 609 (7th Cir. 2007) (citations omitted).

<u>Plaintiff's Claims for Damages for Mental and Emotional Injury</u>

The Plaintiff alleges that in additional to actual damages he is also "entitled to recover for damages for many months of Emotional Distress caused by the Unconstitutional and Criminal conduct committed by the Defendants in this cause in the amount of $30,000.00" [DE 14 at 4]. But because Sayles alleges no actual physical injury from the confiscation and destruction of his legal mail, he may not seek damages for mental or emotional injury.

"No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). This section is entitled a "limitation on recovery," and is a clear effort to limit prisoners' ability to recover for mental and emotional distress where there has been no physical injury, though they may still seek other forms of damages. Section 1997e(e), as the plain language of the statute

suggests, "limits recovery 'for mental and emotional injury', but leaves unaffected claims for nominal and punitive damages, which seek to remedy a different type of injury." *Calhoun v. Detella*, 319 F.3d 936, 941 (7th Cir. 2003) (citations omitted). Accordingly, Sayles may not recover damages for "mental and emotional distress," and is limited to other forms of damages for any Constitutional violation he may be able to prove.

CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** the Plaintiff leave to proceed against Defendant Debra Daugherty in her individual capacity for damages on the claim that she confiscated and destroyed legal mail addressed to the Plaintiff;

(2) **DISMISSES**, pursuant to 28 U.S.C. § 1915A, all other claims, and **DISMISSES** the Indiana Department of Correction and Mark Levenhagen;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that Defendant Daugherty respond to the amended complaint as provided for in the Federal Rules of Civil Procedure; and

(4) **DIRECTS** the Marshals Service to effect service of process on Defendant Daugherty on the Plaintiff's behalf, and **DIRECTS** the Clerk's Office to ensure that a copy of this Order is served on her along with the summons, amended complaint [DE 14], and supplement to the amended complaint [DE 17].

DATED: April 20, 2012          /S/RUDY LOZANO, Judge
                               **United States District Court**