# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| RICHARD N. SAYLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:11-CV-427 |
| | ) | |
| INDIANA DEPARTMENT | ) | |
| OF CORRECTIONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION AND ORDER**

This matter is before the Court on Defendant Debra Daugherty's motion to dismiss for failure to prosecute and/or cooperate in discovery. For the reasons set forth below, the Court will **GRANT** Defendant Daugherty's motion to dismiss and **DIRECT** the Clerk to close this case.

BACKGROUND

Richard Sayles, is a prisoner confined at the Westville Correctional Facility ("WCF"), filed a complaint pursuant to 42 U.S.C. § 1983 alleging that several WCF officials violated his federally protected rights. This Court screened Sayles's amended complaint pursuant to 28 U.S.C. § 1915A, allowed him leave to proceed against WCF mail room supervisor Debra Daugherty on his claim that she withheld legal mail from him and that the mail was eventually destroyed, and dismissed all other claims and defendants. On April 25, 2013, Defendant Daugherty moved to dismiss the amended complaint, alleging that Sayles refused to responded to her

discovery requests; Sayles has not responded to the motion to dismiss.

DISCUSSION

In her motion to dismiss, Defendant Daugherty asserts that she served interrogatories and a request for production of documents on the Plaintiff on January 3, 2013. After learning that Sayles had refused to accept these requests from Westville Correctional Facility staff, Defendant's counsel sent letters to Sayles on January 16, 2013, and January 23, 2013, asking him to receive and respond to the discovery requests. (DE 47-1 and DE 47-2). Sayles did not respond to either request, and on March 5, 2013, the Defendant filed a Motion to Compel Discovery. (DE 47).

Sayles did not respond to the motion to compel discovery, and on March 18, 2013, this Court granted the motion to compel and ordered Sayles to respond to Defendant's discovery request on or before April 9, 2013. (DE 48). In that order, this Court cautioned "the Plaintiff that the failure to respond to these discovery requests may subject him to the sanctions listed in Rule 37(b)(2) of the Federal Rules of Civil Procedure." (*Id.*).

On April 2, 2013, the Defendant received Sayles's response to her discovery requests, though Sayles did not file this response with the Court, as required by Local Rule 26-2(a)(2). The Defendant has submitted Sayles's discovery responses as an attachment to his motion to dismiss. (DE 41-1).

In his response to the Defendant's First Request for Admissions, Sayles stated that he was refusing to respond to the Defendant's request for admissions in part because he was "not inclined to submitting (sic) evid. to a biased court that favors the Defendant." (DE 49-1 at 1). The Plaintiff marked an "x" as his response to each of the other requests for admissions or interrogatories, by which he appears to be indicating that he repeats his objection as stated in his anser to the first request for admission.

Federal Rule of Civil Procedure 26(b)(1) allows for discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." Relevant information is defined as information that does not need to be admissible at trial so long as the discovery is reasonably calculated to lead to admissible evidence. Fed. R. Civ. P. 26(b)(1). This underscores the broad and liberal intent of the rules of discovery.

Rule 37 of the Federal Rules of Civil Procedure provides courts with the authority to compel discovery or dismiss a case for failure to comply with a discovery order. An action may be dismissed under Rule 37(b) if a party's conduct in ignoring the Court's order issued is willful, wanton or in bad faith. *Maynard v. Nygren*, 332 F.3d 462, 467-68 (7th Cir. 2003). Moreover, an action may be dismissed under Rule 41(b) if the party's actions in failing to prosecute a matter or comply with a court order provide a clear

record of delay or contumacious conduct. *Id.* at 467-68.

Courts should consider six factors in evaluating whether dismissal for failure to cooperate with discovery is warranted: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir.1984). The Court must balance the factors and need not find that all of them weigh against plaintiff to dismiss the action. Because dismissal for failure to prosecute involves a factual inquiry, dismissal can be appropriate even if some of the *Poulis* factors are not satisfied. *Krieger v. Russell*, 82 Fed. R. Serv. 3d 922 (D. Del. 2012).

Defendant Daugherty has the right to conduct discovery and to learn the facts within the Plaintiff's knowledge, and the Court accepts the Defendant's argument that Sayles's failure to respond to her discovery requests inhibits her ability to mount a proper defense. Because Sayles is representing himself, he must bear full personal responsibility for the failure to respond to discovery. Sayles's failed to respond to any of Defendant Daugherty's discovery requests, and even after this Court ordered him to respond he flatly refused to provide substantive answers. Sayles's behavior establishes a history of dilatoriness and that his failure

4

to respond was wilful. Because the Plaintiff was granted leave to proceed *in forma pauperis*, monetary sanctions for failure to participate in discovery does not appear to be a viable option.

This Court concludes that the Plaintiff's conduct has prejudiced Defendant Daugherty and that the overwhelming balance of the *Poulis* factors support dismissal of the complaint rather than a lesser sanction. Moreover, the Plaintiff did not respond to Defendant Daugherty's motion to dismiss, which suggests that he has abandoned this action. Accordingly, the Court will grant the Defendant's motion to dismiss this action.

CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Daugherty's motion to dismiss (DE 49), **DISMISSES** this cause of action, and **DIRECTS** the Clerk to enter judgment in favor of the Defendants and against the Plaintiff.

**DATED: May 31, 2013**         /S/RUDY LOZANO, Judge
                                **United States District Court**